HENDERSON THOMAS v. JESSE A. NORRIS.

In an action for malicious prosecution by a States' warrant for larceny, it appeared, that the warrant had been a joint one, against the plaintiff and one *Tobe*,—that the preliminary oath made by the defendant was, *to the contents of the warrant*, which contained the usual recital,—that the defendant was a man of more than ordinary intelligence,—that the warrant was drawn by his friend, who had come to the magistrate with him, and who afterwards served it,—that in the conversation with the magistrate preliminary to the taking out the warrant, the defendant did not charge the plaintiff with stealing the article, but charged *Tobe*, his own servont, with stealing it, and the plaintiff with harboring *Tobe*,—that upon the trial of the warrant, some sharp words having been used by the plaintiff in regard to the charge, the defendant said that he did charge *him* with stealing; and that the defendant, on the trial, assisted in conducting the examination of the witnesses : *Held,*

1. That evidence going to show that at the time of taking out the State's warrant, the defendant had malice towards *Tobe*, was competent, as going to show the state of his mind at that time towards the plaintiff ;

2. That the Judge was warranted in instructing the jury That if they believed the evidence, the defendant had *knowingly* prosecuted the plaintiff for larceny ;

3. That he was warranted in declining to instruct them, That if they believed that the defendant did not mean by his affidavit to charge the plaintiff with *stealing*, he could not be liable ;

4. And that he was also warranted in declining to instruct them, That if the defendant stated *the facts* to the magistrate, such *facts* not constituting a criminal offence, and the magistrate issued the warrant upon such statement, the defendant would not be liable.

TRESPASS ON THE CASE, for malicious prosecution, tried before *Watts, J.,* at December Special Term 1869 of WAKE Court.

Upon the trial it appeared that in February 1868, the defendant and one Wilbourn had applied to a Justice of the Peace for a State's warrant against the plaintiff and one *Tobe,* a colored boy, for stealing a blanket; that during the preliminary conversation the defendant did not charge the plaintiff with *taking* the blanket, but with *harboring Tobe,* the defendant's servant, who had stolen it; that the warrant was drawn by Wilbourn as he was sitting close by the defendant, that, after it was drawn and signed, the magistrate read it over to the defendant, and administered an oath to him as to the truth of its contents; that it was thereupon delivered to Wilbourn, as an officer, to be executed; that during the same day it was tried before the same magistrate; that, upon the trial, the plaintiff, who was shown to be a man of more than ordinary intelligence, examined the witnesss for the prosecution, and that after the plaintiff had angrily denounced the defendant for making such a charge against him, the latter replied, " I do not charge you with stealing the blanket."

The material parts of the warrant were : " Whereas, this day, information hath been made to me, A. N. Betts, one of, &c., by Jesse A. Norris, on oath, that Tobe Norris, (colored,) and Henderson Thomas, hath stolen and taken and concealed one blue blanket, to the value of three dollars, from said Jesse A. Norris, which is contrary to law and the peace and dignity of the State, this is, therefore, to command any lawful officer to take the bodies of the said Tobe Norris, (colored,) and H. Thomas," &c., &c.

Upon the trial of this action in the Court below, the plaintiff, with a view of showing *malice* on the part of the defendant, offered evidence, that during the day on which the blanket was taken, a very severe whipping had been given

to *Tobe,* who was then a servant of the defendant, in the presence of the defendant, and with his consent.

This was objected to by the defendant as being irrelevant, and calculated to prejudice the jury, but was admitted by the Court.

Upon being requested by the plaintiff so to do, the Judge instructed the jury, that if they believed the evidence, the defendant had knowingly prosecuted the plaintiff upon a charge of larceny.

The defendant requested the Judge to instruct the jury : 1, that if, upon all the circumstances, they should conclude that it was not the real intent and meaning of Norris, in making affidavit before Betts, to charge Thomas with stealing, the plaintiff could not recover ; and 2, that if they believed that Norris stated *the facts* in regard to the blanket, to Betts, and that statement did not constitute a criminal offence, and Betts issued the warrant upon such statement, the plaintiff could not recover.

His Honor declined to give the second instruction, on the ground that there was no evidence to support it ; upon the former, he charged the jury, that if upon the whole case, they believed that the defendant did not know to what he was swearing, or that he honestly thought that the affidavit charged the plaintiff only with *harboring* an apprentice, the plaintiff could not recover.

Verdict for the plaintiff ; Rule, &c. Judgment, and Appeal by the defendant.

*Fowle & Badger* and *Haywood,* for the appellant.
*Phillips & Battle* and *A. M. & R. G. Lewis, contra.*

READE, J. I. As the defendant had charged the boy Tobe and the present plaintiff with stealing the blanket, it was competent for the plaintiff to show the defendant's malice towards Tobe, as tending to show the defendant's

malice towards the plaintiff also: *Caddy* v. *Barlow*, 1 M. & Ry., 275. There is no force, therefore, in the first cause assigned for error by the defendant.

II. The plaintiff asked his Honor to charge, and his Honor did charge, that if the jury believed the evidence, then the defendant did knowingly prosecute the plaintiff for stealing ; and to this the defendant excepted.

The warrant charged the plaintiff with stealing, in plain, unmistakable language, and the warrant was read over to the defendant, and he swore to it; and he is stated to be a man of more than ordinary intelligence. There is no pretence that he did not understand it, or that it was falsely read, but he puts his objection upon the ground, that in his statement, *outside of* the oath which he made to the Magistrate when he applied for his warrant, and afterwards, he said that he did not charge the plaintiff with stealing the blanket, but that he charged Tobe with stealing, and the plaintiff with harboring Tobe. The answer is, that he swore to the warrant, well knowing that it charged the plaintiff with stealing ; and he cannot excuse himself for this false and malicious oath and act, by any accompanying or subsequent words not under oath, that he did not mean to do what he knew he was doing ; *Protestatio contra factum, non valet.* If the charge in the warrant did not have his approval, he ought to have refused to swear to it, or to sue it out; but he did sue it out, and tried to convict the plaintiff before the Magistrate under the warrant, all the time admitting that he was not guilty of the stealing but only of the harboring ! And this very thing it was, of prosecuting the plaintiff under the forms and solemnities of legal proceedings for a crime of which the defendant not only knew he was innocent, but by his own admission furnished the indubitable evidence that he knew it,—that furnished the plaintiff with the grounds for this action. It is as if he had said, " I know

the plaintiff is innocent, but I will nevertheless degrade him by prosecuting him, in connection with a negro, for an infamous offence."

III. The defendant asked his Honor to charge, that if the jury believed that the defendant did not mean by his affidavit to charge the plaintiff with stealing, then they must find for him. His Honor declined to charge in those terms, but did charge, that, if the jury believed that the defendant did not know that he was charging the plaintiff with stealing, but supposed that he was only charging him with harboring, then they should find for the defendant.

This was certainly as favorable for the defendant as he could claim; for there was no evidence that he did not know that the warrant charged the plaintiff with stealing. He did know it, and swore to it, and he is answerable for the plain meaning of his words and acts, and cannot be heard to say, "Art thou in health, my brother?" while he stabs his reputation.

IV. The defendant asked his Honor to charge, that if the defendant stated the facts (outside of his oath,) to the magistrate, and if this outside statement did not constitute a criminal offence, and the Justice issued the warrant on such statement, the defendant would not be guilty of a malicious prosecution. His Honor declined to give the charge, upon the ground that there was no evidence to support it. There might be some force in the defendant's point if the Magistrate had issued the warrant upon the outside statement, and had not brought it to the attention of the defendant, or taken his oath; but there was no evidence to support this view. On the contrary, all the evidence shows that the warrant was not issued upon the outside statement, as distinguished from the oath, but upon the oath, and the warrant was read to the defendant, and sworn to. There is no error.

PER CURIAM.                    Judgment affirmed.